## Rambo v. Smith et al.

A. *Benjamin Scirica*, of *Smillie & Bean*, for plaintiff.
E. *Arnold Forrest*, for defendants.

CORSON, J., November 20, 1945.—Under the facts admitted by counsel it would appear that on August 14, 1942, judgment was entered for plaintiff and against both defendants in a trespass action before a justice of the peace in Pottstown.

Within the required 20 days Thomas Hallman, Esq., representing the defendants, filed an appeal in this court. At the time of the original suit it would seem that plaintiff had been represented by Mr. O'Donnell, who subsequently went into the naval service. Plaintiff's claim was then referred to Mr. Wells, who also went into the service. Plaintiff's claim was then referred to Carroll Rutter, Esq., who later stated that he could not handle the plaintiff's claim and caused it to be referred to Morris Gerber, Esq.

Mr. Gerber at that time had formed a law partnership with Raymond Pearlstine, Esq., who was in the office of Thomas Hallman. Thomas Hallman died March 6, 1945. Because of his connection with the Hallman office, Mr. Gerber felt that he should not handle the

claim of plaintiff and as a result it was referred by plaintiff's insurance carrier to A. Benjamin Scirica, Esq., all of these gentlemen being members of this bar.

Mr. Scirica on February 23, 1945, filed a statement of claim. At the time of such filing Mr. Hallman was seriously ill at his home and the matter could not be taken up with him. Mr. Pearlstine had joined the Army and there was no one in the Hallman office who really knew anything about the case. Mr. Gerber accepted service of the statement of claim, as he says in order not to inconvenience Mr. Scirica, but did not communicate with either of defendants and received no express authority to accept service of such statement. It would appear that Mr. Gerber and his partner Mr. Wisler were doubtful whether they represented defendants and accordingly on April 13, 1945, Mr. Wisler wrote to defendant Russell Smith advising him of the fact that Mr. Hallman had died; that the case listed against him was listed for trial; and asked whether or not he desired Mr. Wisler's office to represent him. Nothing was heard from Mr. Smith until a week later when they heard from Mr. Forrest that Mr. Smith wished him to represent him. Admittedly neither Mr. Gerber nor Mr. Wisler ever saw Mr. Smith; ever talked to him; nor received any express or direct authority to act for him.

On May 16, 1945, defendant Russell Smith filed his individual affidavit of defense without asking leave of the court so to do, whereupon Mr. Scirica filed the present motion to strike off paragraphs 4 and 5 of the affidavit of defense wherein defendant denies that Anna Smith, the other defendant, was acting as his agent at the time she was operating the car involved in the accident.

In an action of trespass where no affidavit of defense is filed within 15 days after service of the statement of claim, the ownership of the automobile or instrumentality involved, any agency alleged in the statement of

claim and similar averments are taken as admitted: Practice Act of May 14, 1915, P. L. 483, sec. 13, as amended by the Act of April 4, 1929, P. L. 140, 12 PS §412. However, the filing of an affidavit of defense after the 15-day period may be allowed by the court upon cause shown. It would seem, however, to be unnecessary to pass upon the question of whether or not there has been "cause shown", to justify this court in approving nunc pro tunc the filing of the affidavit of defense. The 15 days provided in the Practice Act, supra, are to be computed from the time of service of the statement of claim upon defendant or his counsel.

Admittedly the statement of claim was never served upon defendant and in order to prove legal service plaintiff is forced to rely upon the acceptance of service noted on the back of the statement. This service cannot be construed as service upon defendant since admittedly at the time such service was accepted Mr. Gerber did not represent defendant and had no actual authority so to do.

His action might have been later ratified by defendant but under the admitted facts this was not done. While it is true that the affidavit of defense was filed more than 15 days after Mr. Smith retained Mr. Forrest as his counsel, yet the time of filing is not be to computed from the date Mr. Smith employed counsel but from the date of service of the statement of claim. Since, under the facts, we are forced to find that there was never any legal service of the statement of claim we must find that the affidavit of defense was properly filed. Certainly it could not be said to be filed more than 15 days after service where there was no service. We, therefore, enter the following decree:

And now, November 20, 1945, the rule granted June 1, 1945, upon plaintiff, to show cause why defendant Russell Smith should not have leave to file the affidavit of defense in the form attached to the rule, is made absolute and the filing of such affidavit of defense is al-

lowed and approved nunc pro tunc as of the date of its filing. Plaintiff's motion to strike off paragraphs 4 and 5 of the affidavit of defense filed by the defendant Russell Smith is discharged.